# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 3:13-cr-153-1 |
| v. | ) | Judge Aleta A. Trauger |
| | ) | |
| DORIAN AYACHE, | ) | |

## MEMORANDUM & ORDER

Defendant Dorian Ayache has filed a Motion to Suppress and Request for *Franks* hearing (Docket No. 27), to which the government filed a Response in opposition (Docket No. 30), and Ayache filed a Reply (Docket No. 31). Ayache seeks to suppress evidence uncovered pursuant to a June 24, 2013 search warrant (the "Search Warrant") for his "Yahoo!" email account, which authorized the government to search all of Ayache's emails spanning a period of more than one year. Ayache argues that (1) the affidavit filed in support of the search warrant contained materially false statements that were necessary to the Magistrate Judge's finding of probable cause, thereby justifying a *Franks* hearing and suppression of the fruits of the Search Warrant; and/or (2) even assuming *arguendo* that redaction of the Search Warrant is not warranted, the search authorized by the Search Warrant was overbroad.

Briefly, on March 1, 2013, the government issued an order to Yahoo to preserve Ayache's emails pursuant to 18 U.S.C. § 2703(f). Later in March 2013, a grand jury subpoena was served on Ayache that compelled the production of all communications between himself and Theresa Vincent, including emails in his Yahoo account. On May 10, 2013, in response to government's requests, Yahoo provided the government with a list of the emails in Ayache's account, including sender, recipient, and date information. This list indicated that Ayache had emailed with

1

Vincent, including emails on March 20, April 7, and May 2, 2013. On May 14, 2013, in response to the grand jury subpoena, Ayache produced to the government 16 emails between himself and Vincent, including the March 20, April 7, and May 2, 2013 emails listed in the information previously provided to the government by Yahoo. The content of these three emails was innocuous.[1]

On June 24, 2013, United States Department of Transportation ("DOT") Special Agent Tammie Moore swore to an affidavit (the "Affidavit") claiming to establish probable cause to search the contents of Ayache's Yahoo email account. According to Ayache, Moore's Affidavit contained three materially false statements: (1) Moore averred that, in responding to the grand jury subpoena, Ayache had failed to produce the March 20, April 7, and May 2, 2013 emails between himself and Vincent – even though Ayache had in fact produced those emails to the government over five weeks earlier; (2) Moore averred that the DOT had not authorized the sale of one of Ayache's trucks to a third party, "Double Y Farms," when in fact the DOT had authorized the sale in advance;[2] and (3) Moore's Affidavit gave the false impression that, in an effort to evade a DOT order, Vincent had proposed to purchase a truck directly from Ayache while making it appear that the truck was not in fact Ayache's.

Under *Franks v. Delaware*, a search warrant is invalid when the supporting affidavit contains a statement, necessary to the finding of probable cause, that is later demonstrated to be false and included by an affiant knowingly and intentionally, or with a reckless disregard for the

---

[1] For example, Ayache forwarded to Vincent a fictitious story about a relationship between a dog and a cat.

[2] For reasons not stated in the record, the proposed sale of these trucks to Double Y Farms "fell apart," and Ayache repossessed the trucks. (*See* Docket No. 27 at p. 3.)

2

truth. *United States v. Duval*, Case No. 12-2338/2339, – F. 3d. – , 2014 WL 486210, at *3 (6th Cir. Feb. 7, 2014) (citing *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978)). To obtain a hearing to challenge the validity of a warrant, the defendant must make a "substantial preliminary showing" that (i) a false statement was made knowingly or with reckless disregard for the truth and (ii) the allegedly false statement is necessary to the finding of probable cause. *Franks*, 438 U.S. at 155-56; *United States v. Graham*, 275 F.3d 490, 505 (6th Cir. 2001). Once that preliminary showing is made, the court holds a *Franks* hearing to decide whether, under a preponderance of the evidence standard, the affiant's statements were false and made intentionally or with reckless disregard for the truth. If so, the court excises those statements from the affidavit and determines whether the remainder of the affidavit otherwise establishes probable cause. *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990).

Here, the government does not appear to dispute that Moore's Affidavit contained false statements. However, the government argues that any false statements were not made with "reckless disregard" for the truth and that, even if Ayache had made the requisite preliminary showing as to that element, the Affidavit as redacted (Docket No. 30, Ex. E, Redacted Affidavit) still establishes probable cause. The court's preliminary analysis indicates that the identified statements were false, that the government should have known that they were false, and that one or more of the false statements were necessary to a finding of probable cause.[3] Accordingly, a

---

[3]In a separate Memorandum and associated Order granting Ayache's Motion to Dismiss Counts One Through Nine, the court has concluded that violating an Imminent Hazard Order ("IHO") is not a misdemeanor crime. In his Reply concerning the instant Motion to Supress, Ayache had noted, without further explanation, that a finding in his favor on the Motion to Dismiss would further invalidate the Search Warrant. (*See* Docket No. 31 at p. 1 n.1.) The court expects that Ayache will address this contention at the forthcoming *Franks* hearing.

*Franks* hearing is warranted under the circumstances.[4]

It is hereby **ORDERED** that the *Franks* Hearing shall be held on February 27, 2014 at 1:00 p.m.

Enter this 14th day of February 2014.

_____
ALETA A. TRAUGER
United States District Judge

---

[4] Because the outcome of the *Franks* hearing could impact the court's analysis as to whether the Search Warrant was overbroad, the court need not address that issue herein.